UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | |
| PAUL KAURANEN, | ) ) | Case No. 11-10416 |
| Debtor. | ) ) ) | |

CREDITOR EMPLOYEES' MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT OPPOSING DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

Airton Dos Santos, Ever Florian, Wilfredo Lopez, Paulino Ordonez, Nelson Ortega, and Igor Silva (collectively "Creditor Employees") are former employees and current creditors of Debtor Paul Kauranen ("Kauranen" or "Debtor") and his company, Gerard Associates, Inc. ("Gerard"). Pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, Creditor Employees respectfully request that this Court extend for 90 days, until July 9, 2012, their deadline to file an adversary complaint to object to the dischargeability of Kauranen's debts to them pursuant to 11 U.S.C. § 523. In support of this request, Creditor Employees state as follows:

1. The 341 Meeting of Creditors in this case was originally scheduled for February 2, 2012, but has repeatedly been continued. The current scheduled date for the continued Meeting of Creditors is April 12, 2012.

2. The current deadline for Objections to Discharge is April 9, 2012; this date was set when the 341 Meeting of Creditors was supposed to take place on February 7, 2012.

3. In the understanding of counsel for Creditor Employees, Debtor has, to date, failed to provide critical financial documents and records requested by the Chapter 7 Trustee.

4. Creditor Employees are low-wage workers who were formerly employed by Debtor and Gerard; the debts owed to them are unpaid wages for the work that they performed for Debtor and Gerard.

5. The Massachusetts Office of the Attorney General has investigated Creditor Employees' claims of nonpayment of wages, and on November 4, 2011, issued a Citation for Violation of Massachusetts Wage and Hour Laws ("Citation"). This Citation ordered Debtor to pay restitution to Creditor Employees in the amount of the unpaid wages they were owed. (Citation attached as Exhibit A).

6. In the Citation, the Office of the Attorney General made a finding that Debtor's violation of the Massachusetts Wage and Hour Laws was willful.

7. Creditor Employees' counsel is an attorney with Greater Boston Legal Services, a non-profit legal services organization with extremely limited resources and staffing due to recent budget cuts and layoffs.

8. Creditor Employees' counsel believes, based upon the facts and circumstances surrounding the creation of the debt for unpaid wages, that Creditor Employees may have viable objections to the discharge of Debtor's debts to them. If justified, Creditor Employees wish to have the opportunity to draft and file adversary complaints pursuant

to 11 U.S.C. § 523(a)(2), §523(a)(4), and/or §523(a)(6), in order to seek a judgment determining that these debts are nondischargeable.

9. In order to fully and accurately evaluate Creditor Employees' potential claims under 11 U.S.C. § 523(a)(2), §523(a)(4), and/or §523(a)(6), counsel for Creditor Employee needs access to all information that comes to light as a result of the Meeting of Creditors scheduled for April 12, 2012. Counsel also needs additional time to discuss this information with Creditor Employees to evaluate their potential objections to discharge.

10. Depending on what happens at the Meeting of Creditors scheduled for April 12, 2012, the substance of the Chapter 7 Trustee's Report, and the actions of this Court, counsel for Creditor Employees believes that there is a possibility that Debtor would be denied discharge, thereby eliminating the need for Creditor Employees to file their own adversary complaints objecting to discharge of their particular debts.

11. If Creditor Employees are required to file such Complaint by April 9, 2012, to meet the deadline, without full information, it will be a potentially unnecessary use of limited staff and institutional time and resources on the part of both Greater Boston Legal Services and this Court.

12. If Creditor Employees are required to file such Complaint by April 9, 2012, to meet the deadline, without full information, the total filing fees involved will impose a substantial, and perhaps unnecessary, financial cost on Greater Boston Legal Services, given that there are six Creditor Employees who will have to file individual adversary complaints.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Creditor Employees request that this Court grant this Motion to Extend Time to File Adversary Complaint Opposing Dischargeability of Debt Pursuant to 11 U.S.C § 523, and extend by 90 days, until July 9, 2012, the deadline for them to commence an adversary proceeding.

        Respectfully Submitted,

        AIRTON DOS SANTOS, EVER FLORIAN, WILFREDO LOPEZ, PAULINO ORDONEZ, NELSON ORTEGA, AND IGOR SILVA,

        By their attorney,

        ____/s/ Audrey R. Richardson_____
        Audrey R. Richardson (BBO #630782)
        Greater Boston Legal Services
        197 Friend Street
        Boston, MA  02114
        (617) 603-1662
        Arichardson@gbls.org

Dated:   April 5, 2012

## CERTIFICATE OF SERVICE

I, Audrey R. Richardson, do hereby certify that on this 5th day of April, 2012, I served the foregoing Motion via the ECF system to AnDre' D Summers, Esq.; John Fitzgerald, Assistant U.S. Trustee; and Warren E. Agin, Trustee.

        ____/s/ Audrey R. Richardson_____