# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Kauranen, Paul G,<br><br>    Debtor. | Case No.  12-10131-JNF<br><br>Chapter 7 |

### Chapter 7 Trustee's Objection to Proof of Claim of
### Neil Murphy

Warren E. Agin, the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned case, hereby objects, pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007, to proof of claim number 38 filed by Neil Murphy. In support of his objection, the Trustee states the following:

1.  Paul G. Kauranen (the "Debtor)") filed a petition to commence the above-captioned case on January 6, 2012.

2.  The Trustee was duly appointed as the chapter 7 trustee of the Debtor's estate on January 9, 2012.

3.  **The Trustee has served this motion on all creditors whose claims are objected to herein by mailing a copy of this motion to the address(es) designated by such creditors on their proof of claim for notice.**

1.  On May 31, 2013, Neil Murphy (the "Creditor") filed a proof of claim, claim number 38 on the claims docket, seeking allowance, pursuant to 11 U.S.C. § 507(a)(7), of a priority, unsecured claim in the amount of $2,225.00 (the "Claim").

2.  According to the documents provided with the Claim, the basis for the Claim is for "deposit for services on family hous [sic]." Attachment #1 to the Claim is a check dated "5/29/12" for $5,000 that was drawn on a bank account belonging to the Creditor and Donna Murphy and was made out to the Debtor (the "Check").

3.   Since the date on the Check is almost 5 months after the date the Debtor filed for bankruptcy, the Claim is for a debt incurred post-petition. The Creditor has not provided any information showing that the debt was incurred pre-petition.

4.   Because the Claim is for a debt incurred post-petition, the Trustee objects to the Claim and requests that proof of claim number 38 be disallowed in its entirety and struck from the claims docket in the above-captioned case.

WHEREFORE, the Trustee moves this Court to enter an order disallowing the proof of claim of Neil Murphy, being claim number 38 on the claims docket; striking such claim from the claims docket; and granting such other relief as the Court may deem appropriate.

Dated July 8, 2013.

Warren E. Agin, as Trustee,
By his Attorney,

/s/ Thomas M. Richardson
Thomas M. Richardson (BBO 601014)
**Swiggart & Agin, LLC**
197 Portland Street
Boston, MA 02114
(617) 742-0110 x204
tmr@swiggartagin.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Kauranen, Paul G,<br><br>Debtor. | Case No. 12-10131-JNF<br><br>Chapter 7 |

## CERTIFICATE OF SERVICE

I, Thomas M. Richardson, do hereby certify that:

A. on July 8, 2013, I caused a Notice of Electronic Filing to be electronically transmitted to the following parties with respect to the **Chapter 7 Trustee's Objection to Proof of Claim of Neil Murphy** (the "Pleading"):

    Warren E. Agin

    Lawrence P. Cohen

    Kathleen P. Dwyer

    Kenneth E. Karger

    Donald Lassman

    Norman Novinsky

    Audrey Richardson

    Andre' D. Summers

    Herbert Weinberg

    Office of the U.S. Trustee

B. on July 8, 2013, I served a copy of the Pleading on the attached service list, which includes the address designated by creditors on their proof of claim for

notice, by mailing a copy of the same by first class mail, postage prepaid, except where the Notice of Electronic Filing indicated that Notice was electronically mailed to the party.

Signed under the penalties of perjury July 8, 2013.

<u>/s/ Thomas M. Richardson</u>
Thomas M. Richardson (BBO 601014)
**Swiggart & Agin, LLC**
197 Portland Street
Boston, MA 02114
(617) 742-0110 x204
tmr@swiggartagin.com

Craig R. Jalbert
Verdolino & Lowey, P.C.
124 Washington St., Suite 101
Foxboro, MA 02035

Neil Murphy
1546 Washington St.
Walpole, MA 02081